1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANTHONY W. HIGGINBOTHAM,              No.  2:14-cv-1702 CKD P

12                Plaintiff,

13        v.                               ORDER

14   BRIAN DUFFY,

15                Defendant.

16

17        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and

18   has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding

19   was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff has

20   consented to this court's jurisdiction pursuant to 28 U.S.C. § 636(c) and Local Rule 302.

21        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

22   § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

23        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

24   1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

25   initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

26   Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

27   month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

28   the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

1

1   exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

2          The court is required to screen complaints brought by prisoners seeking relief against a

3   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

4   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

5   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

6   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

7          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

8   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

9   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

10  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

11  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

12  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

13  Cir. 1989); Franklin, 745 F.2d at 1227.

14         In order to avoid dismissal for failure to state a claim a complaint must contain more than

15  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

16  of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

17  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

18  statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim

19  upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

20  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

21  the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct.

22  at 1949.  When considering whether a complaint states a claim upon which relief can be granted,

23  the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),

24  and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

25  U.S. 232, 236 (1974).

26         Here, plaintiff alleges that prison officials placed an "R" suffix on his prison records,

27  classifying him as a sex offender.  (See ECF No. 1-1 at 10-11.)  Records submitted by plaintiff

28  indicate that the "R" suffix was added in January 1998, that he appealed it, and that his appeal

1   was denied in September 1998.  (Id. at 10.)  In this action, plaintiff seeks to have the "R" suffix

2   removed.  He alleges that a prior sexual battery charge against him was dismissed and that the

3   erroneous "R" designation is causing him hardship in prison.

4   　　　　The Civil Rights Act under which this action was filed provides:

5   　　　　　　Every person who, under color of [state law] ... subjects, or causes
6   　　　　　　to be subjected, any citizen of the United States ... to the
     　　　　　　deprivation of any rights, privileges, or immunities secured by the
7   　　　　　　Constitution ... shall be liable to the party injured in an action at
     　　　　　　law, suit in equity, or other proper proceeding for redress.

8   42 U.S.C. § 1983.  To state a § 1983 claim, a plaintiff must allege facts showing each named

9   defendant either exhibited some sort of "direct personal participation in the deprivation" or "set[ ]

10  in motion a series of acts by others which the actor [knew] or reasonably should [have known]

11  would cause others to inflict the constitutional injury."  Johnson v. Duffy, 588 F.2d 740, 743-744

12  (9th Cir. 1978).  There must be an actual causal link between the actions of the named defendants

13  and the alleged constitutional deprivation.  See Monell v. Dep't of Soc. Services, 436 U.S. 658,

14  691–92 (1978); Rizzo v. Goode, 423 U.S. 362, 370-71 (1976); May v. Enomoto, 633 F.2d 164,

15  167 (9th Cir. 1980).

16  　　　　Here, plaintiff fails to allege a constitutional deprivation.  Rather, he alleges a violation of

17  state prison regulations and/or negligence by prison officials.  As neither are cognizable under

18  §1983, the complaint will be dismissed for failure to state a claim.  However, plaintiff will be

19  granted one opportunity to file an amended complaint.

20  　　　　If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

21  complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.

22  Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how

23  each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there

24  is some affirmative link or connection between a defendant's actions and the claimed deprivation.

25  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

26  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

27  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

28  Regents, 673 F.2d 266, 268 (9th Cir. 1982).

1    In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

2    make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

3    complaint be complete in itself without reference to any prior pleading.  This is because, as a

4    general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

5    F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

6    longer serves any function in the case.  Therefore, in an amended complaint, as in an original

7    complaint, each claim and the involvement of each defendant must be sufficiently alleged.

8    In accordance with the above, IT IS HEREBY ORDERED that:

9    1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

10    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees

11    shall be collected and paid in accordance with this court's order to the Director of the California

12    Department of Corrections and Rehabilitation, filed concurrently herewith.

13    3.  Plaintiff's complaint is dismissed.

14    4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

15    complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

16    Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

17    assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and

18    two copies of the amended complaint; failure to file an amended complaint in accordance with

19    this order will result in a recommendation that this action be dismissed.

20    Dated:  January 8, 2015

21    _____
     CAROLYN K. DELANEY
22    UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27    2 /higg1702.14.new

28

4